UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIAS BECK,<br><br>        Plaintiff,<br><br>   v.<br><br>PENINSULA FIRE DISTRICT;<br>ROBERT PHILLIPS; GARY PINI;<br>and DOES 1 through 50,<br><br>        Defendants. | No.  13-cv-01644 JAM-AC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS** |

    This matter is before the Court on Defendants Peninsula Fire District, Robert Phillips, and Gary Pini's ("Defendants") Motion to Dismiss (Doc. #13) Plaintiff Tobias Beck's ("Plaintiff") Complaint (Doc. #2) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff opposes the motion (Doc. #16) and Defendants have filed a reply (Doc. #17). For the following reasons, Defendants' motion is GRANTED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 11, 2013.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a resident of Tehama County, California, and was hired by Defendant Peninsula Fire District in 2008 as a firefighter-paramedic. Compl. ¶¶ 3,7. Defendant Robert Phillips was, at all relevant times, the Chairman of the Board and the Acting Fire Chief of the Peninsula Fire District. Compl. ¶ 5. Defendant Gary Pini was, at all relevant times, the duly-appointed Fire Chief of the Peninsula Fire District. Compl. ¶ 5.

On May 13, 2011, Plaintiff suffered an on-the job injury to his ankle. Compl. ¶ 7. From May 13, 2011 until June 3, 2012, Plaintiff was on temporary total disability under California workers' compensation. Compl. ¶ 8. Plaintiff alleges that, upon returning to active duty, he was "singled out for a freeze of contractual salary increase." Compl. ¶ 8. Plaintiff further alleges that, on October 25, 2012, "a part-time, less qualified employee was assigned to be shift supervisor over Plaintiff." Compl. ¶ 8. On November 8, 2012, Plaintiff alleges that he was "denied financial reimbursement for an educational class Defendants agreed to pay for." Compl. ¶ 8. Despite the fact that Plaintiff was "placed on light duty by his physician" on November 20, 2012, Plaintiff alleges that he was "assigned to be on his feet sweeping, mopping, cleaning and moving heavy objects across an icy parking lot." Compl. ¶ 8. On December 12, 2012, Plaintiff "received a letter of disciplinary action against him." Compl. ¶ 8. Plaintiff alleges that these actions were taken by Defendants to retaliate against Plaintiff for suffering a workplace injury and for having a disability. Compl. ¶ 10. Plaintiff further alleges that Defendants retaliated against

2

1  Plaintiff for his union membership by "sabotaging contract
2  negotiations" and by "questioning other employees . . . about
3  possible wrong-doing" by Plaintiff.  Compl. ¶ 10.  Finally,
4  Plaintiff alleges that Defendants subjected him to improper
5  disciplinary action in retaliation for Plaintiff's signature on
6  another employee's paramedic license renewal application, despite
7  the fact that "paramedics were authorized to sign for such
8  renewal applications."  Compl. ¶ 11.
9      Plaintiff filed a charge of disability discrimination with
10 the California Department of Fair Employment and Housing, and
11 subsequently received a right-to-sue notice.  Compl. ¶ 9.  On
12 August 8, 2013, Plaintiff filed the Complaint (Doc. #2) in this
13 Court.  Plaintiff brings the following causes of action:
14 (1) "Disability Discrimination and Retaliation;" (2) "Breach of
15 Implied Covenant of Good Faith and Fair Dealing;" (3) "Intentional
16 Infliction of Emotional Distress;" and (4) "Disability
17 Discrimination."  The Court has jurisdiction over Plaintiff's
18 federal ADA claim pursuant to 28 U.S.C. § 1331 and Plaintiff's
19 related state law claims pursuant to 28 U.S.C. § 1367.
20
21                       II.   OPINION
22   A.   Legal Standard
23      A party may move to dismiss an action for failure to state a
24 claim upon which relief can be granted pursuant to Federal Rule
25 of Civil Procedure 12(b)(6).  To survive a motion to dismiss a
26 plaintiff must plead "enough facts to state a claim to relief
27 that is plausible on its face."  Bell Atlantic Corp. v. Twombly,
28 556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a

1  district court must accept all the allegations in the complaint
2  as true and draw all reasonable inferences in favor of the
3  plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
4  overruled on other grounds by Davis v. Scherer, 468 U.S. 183
5  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "First, to be
6  entitled to the presumption of truth, allegations in a complaint
7  or counterclaim may not simply recite the elements of a cause of
8  action, but must sufficiently allege underlying facts to give
9  fair notice and enable the opposing party to defend itself
10 effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
11 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.
12 2012). "Second, the factual allegations that are taken as true
13 must plausibly suggest an entitlement to relief, such that it is
14 not unfair to require the opposing party to be subjected to the
15 expense of discovery and continued litigation." Id. Assertions
16 that are mere "legal conclusions" are therefore not entitled to
17 the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678
18 (2009) (citing Twombly, 550 U.S. at 555). Dismissal is
19 appropriate when a plaintiff fails to state a claim supportable
20 by a cognizable legal theory. Balistreri v. Pacifica Police
21 Department, 901 F.2d 696, 699 (9th Cir. 1990).

22      Upon granting a motion to dismiss for failure to state a
23 claim, a court has discretion to allow leave to amend the
24 complaint pursuant to Federal Rule of Civil Procedure 15(a).
25 "Dismissal with prejudice and without leave to amend is not
26 appropriate unless it is clear . . . that the complaint could not
27 be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,
28 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  Discussion

    1.  First and Fourth Causes of Action – Individual Capacity

Defendants argue that Plaintiff's first and fourth causes of action for disability discrimination must be dismissed, insofar as they are brought against individual Defendants Robert Phillips and Gary Pini.  Mot. at 4.  Defendants argue that supervisors are not individually liable under the ADA or FEHA.  Mot. at 4 (citing Walsh v. Nevada Department of Human Resources, 471 F.3d 1033, 1037-38 (9th Cir. 2006); Reno v. Baird, 18 Cal.4th 640, 645 (1998)).  Plaintiff "concurs with Defendants' motion to dismiss the individual defendants in their individual capacities."  Opp. at 1.  Accordingly, Defendants' motion to dismiss the first and fourth causes of action, in so far as they are brought against individual Defendants Robert Phillips and Gary Pini, is GRANTED WITHOUT LEAVE TO AMEND.

    2.  Second Cause of Action

Defendants argue that Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing must be dismissed because, in California, "public employees are not entitled to contract remedies for . . . discipline from an employer."  Mot. at 5.  Defendants note that "[i]t is well settled in California that public employment is not held by contract but by statute[.]"  Mot. at 4-5.  Plaintiff concedes that this cause of action "should be dismissed under the authorities cited by Defendants' motion."  Opp. at 1.  Accordingly, Defendants' motion to dismiss Plaintiff's second cause of action is GRANTED WITHOUT LEAVE TO AMEND.

5

        3.    <u>Third Cause of Action</u>

           a.    <u>Workers' Compensation</u>

Defendants argue that Plaintiff's third cause of action for Intentional Infliction of Emotional Distress ("IIED") is barred by the exclusive remedy doctrine set forth in California's workers' compensation scheme. Mot. at 8. Defendants cite <u>Cole v. Fair Oaks Fire Prot. Dist.</u>, 43 Cal.3d 148 (1987) for the proposition that workers' compensation is the exclusive remedy for any misconduct by an employer involving "a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances[.]" Mot. at 8. Plaintiff responds that the exclusive remedy claim does not bar an IIED claim against an employer whose conduct violated public policy. Opp. at 3.

In <u>Cole</u>, the California Supreme Court held that an employee's IIED claim against an employer is barred by the workers' compensation statute when (1) the alleged misconduct is a normal part of the employment relationship and (2) "the essence of the wrong is personal physical injury or death." 43 Cal.3d at 160. This rule is designed to prevent plaintiffs from seeking civil damages for injuries already covered by workers' compensation.

However, neither of these requirements is met in this case. First, the alleged misconduct is discrimination in violation of the ADA and FEHA. Discriminatory conduct by an employer is contrary to California public policy and is "outside the normal part of the employment environment." <u>Accardi v. Superior Court</u>, 17 Cal.App.4th 341, 352 (1993). "The Legislature . . . did not

6

intend that an employer be allowed to raise the exclusivity rule for the purpose of deflecting a claim of discriminatory practices." Id. at 352. Furthermore, the "essence of the wrong" is not a personal physical injury, compensable under the workers' compensation scheme: Although Plaintiff did break his ankle and receive workers' compensation, the alleged discriminatory conduct occurred *after* his injury, and the resulting emotional distress did not manifest itself in a compensable physical injury. Compl. ¶¶ 7-11. Therefore, the exclusive remedy doctrine does not apply and Plaintiff's IIED claim is not barred.

### b. Extreme and Outrageous Conduct

Defendants also argue that Plaintiff's third cause of action for IIED must be dismissed because Plaintiff has failed to allege "outrageous conduct" by Defendants. Mot. at 5. Plaintiff responds indirectly, by citing and summarizing a case in which the Ninth Circuit reversed a district court's grant of summary judgment for an employer on an employee's claim for IIED based on the circumstances surrounding the employee's termination. Opp. at 3 (citing Huber v. Standard Insurance Company, 841 F.2d 980, 987 (9th Cir. 1988)).

"Extreme and outrageous conduct by the Defendant" is a necessary element of a cause of action for IIED. Corkill v. Preferred Employers Grp., LLC, 2011 WL 5975678 at *13 (S.D. Cal. Nov. 28, 2011). To be considered "extreme and outrageous," conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Cervantez v. J.C. Penney Co., 24 Cal.3d 579, 593 (1979). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other

7

1  trivialities" do not constitute extreme and outrageous conduct.
2  Molko v. Holy Spirit Assn., 46 Cal.3d 1092, 1122 (1988).
3       Plaintiff's apparent argument that the presence of "extreme
4  and outrageous conduct" is a question of fact for the jury is
5  unavailing.  "Whether a defendant's conduct can reasonably be
6  found to be outrageous is a question of law that must initially
7  be determined by the court[.]"  Berkley v. Dowds, 152 Cal.App.4th
8  518, 534 (2007).  Plaintiff has made no argument that the alleged
9  conduct by Defendants was "so extreme as to exceed all bounds of
10 that usually tolerated in a civilized community."  Cervantez, 24
11 Cal.3d at 593.  Furthermore, "a claim of discrimination under the
12 FEHA is not sufficient by itself to sustain a claim for IIED."
13 Corkill v. Preferred Employers Grp., LLC, 2011 WL 5975678 at *15
14 (S.D. Cal. Nov. 28, 2011).  California courts have held that "
15 personnel management activity is insufficient to support a claim
16 of intentional infliction of emotional distress, even if improper
17 motivation is alleged."  Janken v. GM Hughes Electronics, 46
18 Cal.App.4th 55, 80 (1996).  As Plaintiff has not alleged anything
19 beyond discriminatory personnel management activity, the
20 necessary element of "extreme and outrageous conduct" has not
21 been met.

           c.   Severe Emotional Distress

23      Defendants also argue that Plaintiff has failed to
24 "adequately plead that he suffered severe emotional distress as a
25 result of Defendants' action."  Mot. at 7.  Plaintiff does not
26 respond to this argument in his opposition.
27      Plaintiff's Complaint only includes a general allegation
28 that he was "subjected to severe emotional distress and will

continue to suffer severe and permanent humiliation, mental pain and anguish and will continue to live in a constant state of emotional tension and distress." Compl. ¶ 25. He fails to allege any specific details of this distress, or how it was caused by Defendants' conduct. Accordingly, Defendants' Motion to Dismiss Plaintiff's third cause of action for IIED is GRANTED WITH LEAVE TO AMEND.

### III. ORDER

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED. Defendants' Motion to Dismiss Plaintiff's first and fourth causes of action, insofar as they are brought against Defendants in an individual capacity, is GRANTED WITH PREJUDICE. Defendants' Motion to Dismiss Plaintiff's second cause of action is GRANTED WITH PREJUDICE. Defendants' Motion to DISMISS Plaintiff's third cause of action is GRANTED WITH LEAVE TO AMEND. Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this Order. Defendants' responsive pleading is due within twenty (20) days thereafter. If Plaintiff elects not to file an Amended Complaint, this action will proceed consistent with this Order.

IT IS SO ORDERED.

Dated: December 30, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE