UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIAS BECK,<br><br>        Plaintiff,<br><br>   v.<br><br>PENINSULA FIRE DISTRICT;<br>ROBERT PHILLIPS; GARY PINI;<br>and DOES 1 through 50,<br><br>        Defendants. | No. 13-cv-01644 JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND CAUSE OF ACTION IN FIRST AMENDED COMPLAINT** |

    This matter is before the Court on Defendant Peninsula Fire District's ("Defendant") Motion to Dismiss (Doc. #21) Plaintiff Tobias Beck's ("Plaintiff")Second Cause of Action in his First Amended Complaint ("FAC") (Doc. #20) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion (Doc. #25) and Defendant filed a reply (Doc. #26). For the following reasons, Defendant's motion is GRANTED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 9, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a resident of Tehama County, California, and was hired by Defendant Peninsula Fire District in 2008 as a firefighter-paramedic. FAC ¶¶ 3,7. On May 13, 2011, Plaintiff suffered an on-the job injury to his ankle. FAC ¶ 7. From May 13, 2011 until June 3, 2012, Plaintiff was on temporary total disability under California workers' compensation. FAC ¶ 7. Plaintiff alleges that, upon returning to active duty, he was "singled out for a freeze of contractual salary increase." FAC ¶ 8. Plaintiff further alleges that, on October 25, 2012, "a part-time, less qualified employee was assigned to be shift supervisor over Plaintiff." FAC ¶ 8. On November 8, 2012, Plaintiff alleges that he was "denied financial reimbursement for an educational class Defendant agreed to pay for." FAC ¶ 8. Despite the fact that Plaintiff was "placed on light duty by his physician" on November 20, 2012, Plaintiff alleges that he was "assigned to be on his feet sweeping, mopping, cleaning and moving heavy objects across an icy parking lot." FAC ¶ 8. On December 12, 2012, Plaintiff "received a letter of disciplinary action against him." FAC ¶ 8. Plaintiff alleges that these actions were taken by Defendant to retaliate against Plaintiff for suffering a workplace injury and for having a disability. FAC ¶ 10. Plaintiff further alleges that Defendant retaliated against Plaintiff for his union membership by "sabotaging contract negotiations" and by "question[ing] other employees . . . about possible wrong-doing" by Plaintiff. FAC ¶ 10. Plaintiff also alleges that he was retaliated against for filing

2

a complaint with the California Occupational Safety and Health Administration.  FAC ¶ 10.  Finally, Plaintiff alleges that Defendants subjected him to improper disciplinary action in retaliation for Plaintiff's signature on another employee's paramedic license renewal application, despite the fact that "paramedics were authorized to sign for such renewal applications."  FAC ¶ 11.

Plaintiff filed a charge of disability discrimination with the California Department of Fair Employment and Housing, and subsequently received a right-to-sue notice.  FAC ¶ 9.  On August 8, 2013, Plaintiff filed the Complaint (Doc. #2) in this Court. On December 30, 2013, the Court issued an Order (Doc. #19) dismissing the Complaint.  On January 17, 2014, Plaintiff filed the FAC, which includes the following causes of action: (1) "Disability Discrimination and Retaliation;" (2) "Intentional Infliction of Emotional Distress;" and (3) "Disability Discrimination."  The Court has jurisdiction over Plaintiff's federal ADA claim pursuant to 28 U.S.C. § 1331 and Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

## II.   OPINION

### A.   Judicial Notice

Defendant requests judicial notice (Doc. #22) of the First Amended Complaint (Doc. #20) and the original Complaint (Doc. #2) in this case.  As these documents are already part of the record, the request is not necessary and DENIED.

Defendant also requests judicial notice of the fact that Peninsula Fire District (Defendant) is a public entity.  As this

3

fact is common knowledge and is not subject to reasonable dispute, Defendant's request is GRANTED.  Fed. R. Evid. 201(b).

    B.    <u>Discussion</u>

        1.    <u>Second Cause of Action</u>

Defendant argues that Plaintiff's second cause of action for intentional infliction of emotional distress ("IIED") must be dismissed because Plaintiff has failed to allege a statutory basis for liability.  Mot. at 5.  Defendant notes that the California Government Code ("CGC") immunizes public entities from liability for any injury, except as otherwise provided by statute.  Mot. at 5.  Plaintiff does not address this argument in his opposition.

Section 815 of the CGC states that, "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  CGC § 815(a). Accordingly, a plaintiff fails to state a tort claim against a public entity unless he can point to a statutory provision declaring that the entity may be found liable. <u>Eastburn v. Reg'l Fire Prot. Auth.</u>, 31 Cal.4th 1175, 1179-80 (2003).

Defendant Peninsula Fire District is a public entity and the requirements of CGC section 815 apply.  FAC ¶ 4.  Plaintiff has not pleaded a statutory basis for his second cause of action for IIED.  FAC ¶¶ 17-21.  Nor does Plaintiff identify a statutory basis for this claim in his opposition.  Therefore, Plaintiff's second cause of action is dismissed for failure to state a claim upon which relief may be granted.  This claim is DISMISSED WITH

LEAVE TO AMEND, and Plaintiff is given one final opportunity to amend his complaint to properly allege facts sufficient to establish the existence of statutory liability for IIED. See Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma, 644 F. Supp. 2d 1177, 1208 (N.D. Cal. 2009) (dismissing an IIED claim against a public entity for failure to allege a statutory basis for liability, but granting leave to amend).

Moreover, the Court notes that it previously dismissed Plaintiff's IIED claim for failure to sufficiently allege (1) extreme and outrageous conduct and (2) severe emotional distress. Doc. #19, at 7-9. Plaintiff's new allegations in the FAC do not address these inadequacies in any way. FAC ¶¶ 10. Leave to amend should not be viewed as an opportunity to submit a nearly identical complaint, with the hope that the Court will reverse its previous ruling.

Finally, Defendant's argument that the IIED claim is precluded by the California Worker's Compensation scheme is neither necessary nor persuasive. Mot. at 8. The Court directs Defendant to pages 6 and 7 of the Court's previous Order (Doc. #19), where this argument is expressly addressed, and ultimately rejected.

### III.   ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff's Second Amended Complaint must be filed within twenty (20) days from the date of this Order. Defendant's responsive pleading is due within twenty (20) days thereafter. If Plaintiff elects not to

file a Second Amended Complaint, this action will proceed consistent with this Order.

IT IS SO ORDERED.

Dated: April 16, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6